IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEFFREY SULLIVAN                                                                             PLAINTIFF

vs.                                              Civil No. 4:12-cv-04033

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jeffrey Sullivan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed his applications for DIB and SSI on March 3, 2009. (Tr. 10, 102-105, 106-110). Plaintiff alleged he was disabled due to liver disease, shortness of breath, and swelling of feet. (Tr. 143). Plaintiff alleged an onset date of December 19, 2008. (Tr. 143). Plaintiff's applications

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

were denied initially and at the reconsideration level. (Tr. 54-57).

On July 15, 2009, Plaintiff requested an administrative hearing on his applications. (Tr. 74). This hearing was held on September 9, 2010. (Tr. 26-53). Plaintiff was present and was represented by his attorney, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Jerold Hildre testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education. (Tr. 29).

On February 10, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-21). The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2013. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 19, 2008. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of cirrhosis, diabetes mellitus, and obesity. (Tr. 12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-19). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible. (Tr. 17). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for

light work; he can stand or walk for 2 hours, and sit for about 6 hours in an 8 hour workday; he has no push or pull limitations in his upper or lower extremities; he can occasionally climb, balance, stoop, kneel, crouch or crawl; he must avoid even moderate exposure to hazards, such as dangerous moving machinery, driving, and unprotected heights; and he has no manipulative, visual, communicative, or environmental imitations. (Tr. 14, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 19, Finding 6). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform her PRW as a cashier. *Id.*

The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20, Finding 9). The VE testified at the administrative hearing regarding this issue. (Tr. 50-52). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as an order clerk with 118 such jobs in Arkansas and 139,000 such jobs in the nation, work as an optical goods assembler with 500 such jobs in Arkansas and 100,000 such jobs in the nation, and work as a cutter and paster with 755 such jobs in Arkansas and 6,000 such jobs in the nation. (Tr. 52). Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from December 19, 2008 through the date of his decision. (Tr. 21, Finding 10).

On February 28, 2011, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 101). *See* 20 C.F.R. § 404.968. On March 12, 2012, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On April 10, 2012, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on April 18, 2012. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

2. <u>**Applicable Law:**</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 11-20. Specifically, Plaintiff claims the ALJ erred (1) by failing to find Plaintiff met a Listing, (2) in his RFC determination of Plaintiff, and (3) by failing in the credibility determination of Plaintiff. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9. Because this Court finds the ALJ erred in his RFC determination by improperly evaluating the opinions of Plaintiff's treating physicians, this Court will only address this issue.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must

5

be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for light work; he can stand or walk for 2 hours, and sit for about 6 hours in an 8 hour workday; he has no push or pull limitations in his upper or lower extremities; he can occasionally climb, balance, stoop, kneel, crouch or crawl; he must avoid even moderate exposure to hazards, such as dangerous moving machinery, driving, and unprotected heights; and he has no manipulative, visual, communicative, or environmental imitations. (Tr. 14, Finding 5). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physicians. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.

6

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff was first seen by his treating physician, Dr. Laura Balmain, on February 9, 2009. (Tr. 392-392). Dr. Balmain was asked to perform a consult on Plaintiff who had been admitted to St. Michaels Hospital for blood in his stool and hepatitis. *Id*. Plaintiff was diagnosed, among other things, with alcoholic hepatitis, cirrhosis, morbid obesity, and progressive liver failure. (Tr. 394). Plaintiff was seen for follow up by Dr. Balmain on February 27, 2009. (Tr. 388-389). Plaintiff's diagnosis remained the same from his hospital admission. (Tr. 389). Plaintiff was started on new medication and was to return to be seen in a month. *Id.*

Plaintiff returned for follow up visits with Dr. Balmain in April, June, and August of 2009. (Tr. 401, 448, 450). Plaintiff's diagnosis remained the same. *Id*. Plaintiff underwent a colonoscopy in July 2009. (Tr. 448). This study showed small gastric and duodenal varices, open lower esophageal sphincter, medium sized hiatal hernia, and gastritis. *Id.*

Plaintiff places particular significance on a letter written by Dr. Balmain on March 3, 2010. (Tr. 466). Dr. Balmain stated as follows:

> Mr. Sullivan is a 47 year old Caucasian gentleman with a remote history of heavy alcohol abuse who suffered from severe alcoholic hepatitis and cirrhosis of the liver. He has been abstinent from alcohol for over one year. As per my previous office note, he has completely recovered from alcoholic hepatitis. He still suffers, however, from cirrhosis and complications related to it and will continue to suffer for years to come. He is currently unable to work or drive because of those complications; therefore, I have encouraged him to apply for disability. He has been very complaint with office visits, laboratory studies, medications, and alcohol abstinence.

*Id.*

Plaintiff was also seen numerous times by Dr. Andrea York at the Texarkana VA Clinic throughout 2009 and 2010. (Tr. 529-845). On October 18, 2010, Dr. York responded to correspondence from Plaintiff's counsel in which she agreed with Dr. Balmain's findings of Plaintiff's inability to drive or work. (Tr. 816-818). Dr. York also stated Plaintiff would need frequent bathroom breaks due to his medications and would miss work 2-3 days a month due to medical appointments. (Tr. 818).

The ALJ, discounting the opinions of Dr. Balmain, stated:

> In a letter dated March 3, 2010, by Dr. Laura Balmain, she states that claimant has completely recovered from alcoholic hepatitis, but that he still suffers from cirrhosis and complications related to it, and is unable to work or drive, (Exhibit 11F). However, she does not include any progress/treatment notes with her submission, nor does she cite any objective test results, or other objective evidence which form the bases of her opinion/conclusions. *Additionally, the possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in current case.*

(Tr. 15-16). (emphasis added).

8

To begin with, there is nothing in the record, nor does the ALJ refer to any evidence which in anyway suggests Dr. Balmain's findings are in some way attributed to sympathy she might have to Plaintiff or were the result of some type of physician/patient tension.  To make such a finding is pure speculation on the part of the ALJ.

The opinion that Plaintiff will be unable to drive or work based on his medical condition is shared by two treating physicians.  Further, Dr. York has opined Plaintiff will need frequent bathroom breaks due to his medications and would miss work 2-3 days a month due to medical appointments.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52.  However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so."  *Id.* (internal quotation and citation omitted).  In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Balmain and Dr. York's findings. *See Brown,* 611 F.3d at 951-52.  Furthermore, the record does not contain other medical assessments which are supported by better or more thorough medical evidence as required by SSR 96-2p in order to disregard a treating physician's opinion.

In this matter substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Balmain and Dr. York.  Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Balmain and Dr. York.  Upon remand, the ALJ may still find Plaintiff not

disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of May 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.